# Kramer and Bell *versus* Goodlander.   (No. 2.)

1. Where the location of a tract of land is in dispute, declarations of a deceased surveyor, made by him when on the ground and at the time of examining the lines of the tract, are admissible in evidence. The more careful and thorough such surveyor's examination was, the greater the weight which should be attached to his declarations.

2. In determining whether or not certain land is included within a seated tract, upon which taxes have been paid, not only will the quantity of acres included in the assessment be taken into account, but also all the other evidence in the case, under proper instructions from the court.

3. A tax sale of land as unseated will transfer no title to the vendee, when, as a matter of fact, the land sold constitutes part of a seated tract, upon which the taxes have been paid.

June 14th 1881.   Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.   SHARSWOOD, C. J., absent.

ERROR to the Court of Common Pleas of *Clearfield county :* Of May Term 1880, No. 187.

Trespass, by George B. Goodlander against George Kramer, William E. Bell and others to recover double and treble damages for cutting and converting timber trees on plaintiff's land between March 24th 1873 and the bringing of this suit, on March 14th 1874. This was the second suit between these parties.

At the trial, before ORVIS, J., the plaintiff claimed to recover as owner of the tract of land known as the David Kennedy survey, No. 1434, upon which the timber was cut, on his title to said tract as set forth in the first case of Kramer and Bell *v.* Goodlander (above reported). The defence was the same as that in the preceding case.

Jacob Kuntz, one of the former owners of Kennedy survey, No. 386, and the Jonathan B. Smith survey, testified on behalf of the defendants, that he became owner of the tract in 1847, that he employed one David Ferguson to survey it for him, that they started at a red oak at the northeast corner of the David Kennedy survey, No. 386, and ran east to a north and south line pointed out by Zeigler, a proprietor of adjoining lands, that they kept on southward on this line until they reached a corner where they found a dead beech tree. [David Kennedy tract, No. 1434, calls for a beech tree at its southwestern corner. Vide preceding case.] That this line was the one defendants in this suit claimed to be their eastern boundary ; that this surveying was done thirty

[Kramer v. Goodlander.]

or thirty-one years previous to the trial, and that the surveyor, Ferguson, had since died. Defendants then proposed to prove by the same witness "what David Ferguson, surveyor, who made the survey on the ground, since dead, said when on the ground at the time of making the survey for Kuntz, the owner of the J. B. Smith warrant, as to what the beech testified to by Kuntz was, also as to what he said the line on which he found it was, that is, the north and south line; the parties being then on the ground searching for the west line of David Kennedy, No. 1434, as the eastern boundary of Jonathan B. Smith."

The plaintiff objected on the ground that the proof showed that neither surveyor nor witness examined either line, corner, or witness to corner, to ascertain its age, and the means of knowledge being wanting, the testimony was incompetent; that the evidence offered was purely hearsay, irrelevant, and incompetent; that the declarations were merely those of a deceased surveyor employed by an owner of an opposing title, as to a fact of which he had no knowledge, never having been on the ground before that date. Objection sustained. Exception. (First assignment of error.)

The defendants requested the court to charge, inter alia: 6. If, as testified by George Kramer, in 1862 and 1863, the land in dispute, on which the timber was cut, was within the boundaries of a body of land in the seated list, held by George Kramer, one of the defendants, upon which body of land there were improvements, and the taxes paid for those years—then this land was discharged from taxes, and George B. Goodlander got no title by the treasurer's sale of 1864, and cannot recover in this suit." *Answer.* "We answer this point as we have instructed you in our general charge. If the assessment on the seated list by Kramer of seven hundred and thirty-five acres, included this land in dispute, and you find from the evidence that the taxes of 1862 and 1863 were paid before the 13th June 1864, then the land would be discharged from taxes, and the sale would give no title. If the taxes were not paid until after the treasurer's sale of June 13th 1864, the purchaser got a good title by that sale, and if the David Kennedy is located where the plaintiff claims it, your verdict should be for the plaintiff."

The court charged the jury (inter alia) as follows: "The defendants allege that they had paid all the taxes upon this land; that they had purchased the old David Kennedy tract, No. 386, and also the Jonathan B. Smith, and that they ran the lines, and in doing so, included this land in dispute, and that the number of acres upon which they paid taxes was seven hundred and thirty-five, and in order to make up that number of acres they would include all this land in dispute. They claim that they

have held that body of land, and paid taxes upon each assessment, including that of 1862 and 1863. It is alleged by the plaintiff that there are several hundred acres more than seven hundred and thirty-five acres within the lines now claimed by the defendants, and that their payment of taxes did not cover the David Kennedy. This is a question you must determine, whether they had this land in dispute assessed on the seated list, and whether the assessment of seven hundred and thirty-five acres did actually include this part of the David Kennedy, No. 1434."

The jury found for the plaintiff, assessing damages at $4,988, and judgment was entered on the verdict. The defendants thereupon took this writ, assigning for error the refusal to admit the testimony of Kuntz as to the declarations of Ferguson; the answer to defendant's sixth point; and the portion of the charge of the court above given.

*McEnally* and *McCurdy*, for plaintiffs in error, in support of the first assignment of error, cited: Caufman *v.* Presbyterian Congregation, 6 Binney 59; Buchanan *v.* Moore, 10 Serg. & R. 275; Hamilton *v.* Menor, 2 Serg. & R. 70; McCausland *v.* Fleming, 13 P. F. Smith 36; 1 Brightly's Digest, pp. 977–988.

The burden of proof is on the claimant under a tax title to show all the requisites necessary to make a tax title good. Among these requisites is this, that the tax has been due one whole year or more, at time of sale, and remained unpaid.

The facts of the case were erroneously presented by the court to the jury in that part of the charge which is taken as the third assignment of error. The defendants did not contend " that the number of acres upon which defendants paid taxes was seven hundred and thirty-five, and in order to make up that number of acres, they would include all this land in dispute."

Land is assessed in bodies as tracts and not by the acre; acres are given only for the purpose of designation. Such designation seldom agrees accurately with actual measurement, and it is not important whether it does or not: Williston *v.* Colkett, 9 Barr 38; Brown *v.* Hays, 16 P. F. Smith 235; Reading *v.* Finney, 23 P. F. Smith 467.

*Wallace* and *Krebs*, for defendant in error.—The declarations of a surveyor on a question of boundary are competent evidence as a general rule, but where the proof itself shows that the declarations offered were mere guesses, and not founded on examination or professional knowledge of the locality, they are to be treated as all other declarations are—as mere hearsay, and inad-

missible. The rule is correctly stated in McCausland v. Flem ing, 13 P. F. Smith 36.

The argument that Kramer thought he owned the land in controversy, and paid taxes on seven hundred and thirty-five acres, which he thought covered it, is too ideal for these practical days. Such a mode of payment of taxes will not sustain the legitimate expenses of government, or defeat the remedies given to cover payment of taxes for every acre of land within this state.

Mr. Justice TRUNKEY delivered the opinion of the court, June 22d 1881.

Having proved by the witness who owned the Smith tract about thirty years ago, that he then employed David Ferguson, a surveyor, to trace the lines, and that said Ferguson is dead, the following offer was made: "The defendants propose to prove by the witness on the stand, Jacob Kuntz, what David Ferguson, a surveyor, who made the survey on the ground, since dead, said, when on the ground at the time of making the svrvey for Kuntz, the owner of the J. B. Smith warrant, as to what the beech, testified to by Kuntz was, also as to what he said the line on which he found it was, that is, the north and south line. The parties being then on the ground searching for the west line of David Kennedy, No. 1434, as the eastern boundary of Jonathan B. Smith." This was rejected as purely hearsay, the surveyor not having examined the line or corner to ascertain its age never having been on the ground before. Had he ascertained its age, what he said respecting the line would* have been admissible, yet purely hearsay. From an early day in this state, in litigation respecting boundaries, it has been competent to prove, after the death of a surveyor who had examined a line, what he said respecting it at the time and on the ground. The more careful and thorough his examination the greater weight his testimony would have if living. or what he said at the time, if dead. But if he examined the line, he is a competent witness, and after his death his statements respecting the line, made at the time of the examination, may be proved., The offer should have been admitted.

We are of opinion that there was error in the answer to defendant's sixth point and in the charge upon the same subject. The question presented in the last three assignments is substantially the same as was considered in the preceding case between the same parties upon a similar point. If the land was properly assessed on the seated list a sale of it as unseated was void. It is not a question of payment of taxes before the date of the sale, but whether the land sold was part of a seated tract

which was assessed as seated. The defendants did not allege that they included the land in dispute or any part of it, in order to make up 735 acres; but they did allege that they returned and had assessed as seated a body of land defined by certain boundaries, with improvements thereon; that it was bounded on the east by tract No. 1434, and that the land in dispute was included within said bounds. To show that the number of acres named in the assessment exceeded or fell short of the actual number within said bounds, by no means determines the question. If the quantity in the assessment was too great it does not follow that the disputed land was included; nor if not enough, that it was excluded. The quantity returned and assessed would be a fact to consider in ascertaining if the land in dispute was a part of the tract assessed. The defendants claim their tract extended to No. 1434, and that No. 1434 is east of the land in suit.

Judgment reversed and venire facias de novo awarded.